IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal No. 3:11-CR-157-D |
| | § | |
| JOHNNY RAY CHEEK, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Johnny Ray Cheek's ("Cheek's") April 18, 2019 motions to reduce sentence and for leave to proceed *in forma pauperis* are denied.

I

Cheek pleaded guilty to bank robbery and using, carrying, and brandishing a firearm during or in relation to a crime of violence. He was sentenced to consecutive 57- and 84-month terms of imprisonment and a 3-year term of supervised release. *See United States v. Cheek*, No. 3:11-CR-157-D (N.D. Tex. 2012), *appeal dism'd*, 508 Fed. Appx. 346 (5th Cir. 2013). Cheek unsuccessfully sought relief under 28 U.S.C. § 2255 and 28 U.S.C. § 2241, contending that his sentence for the firearm offense should not be served consecutively to the term imposed for the bank robbery offense. *See Cheek v. United States*, 2013 WL 4561242 (N.D. Tex. 2013); *Cheek v. Chandler*, 2013 WL 4561377 (N.D. Tex. 2013). And his successive § 2255 motions were subsequently transferred to the court of appeals, where authorization for successive filing was denied. *Cheek v. United States*, 2014 WL 2938091 (N.D. Tex. 2014); *Cheek v. United States*, 622 Fed. Appx. 449 (5th Cir. 2015) (per curiam); *see also Cheek v. United States*, No. 3:16-CV-57-D (N.D. Tex. 2016) (identical successive motion dismissed without prejudice), *certificate of*

*appealability denied*, No. 16-10354 (5th Cir. Mar. 15, 2017).

Later, Cheek's habeas petition under the savings clause of § 2241 was dismissed for want of jurisdiction. *See Cheek v. Warden FCI*, 2016 WL 3004851 (N.D. Tex. Apr. 26, 2016), *rec. adopted*, 2016 WL 2989057 (N.D. Tex. May 24, 2016). And his successive § 2255 motion challenging his sentence under 18 U.S.C. § 924(c)(1) based on *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), was transferred to the Fifth Circuit, where leave to file was again denied. *Cheek v. United States*, No. 3:16-CV-1514-D (N.D. Tex. July 21, 2016).

Cheek now seeks to "vacate, set aside, [or] correct [his] sentence." Relying on § 401 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), and "Amendment 493," he seeks to reduce his criminal history category and ultimately his sentence.

II

The court lacks jurisdiction to reduce Cheek's sentence. *See United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994) (per curiam) (dismissing motion for reduction of sentence because it "was unauthorized and without jurisdictional basis"). Cheek has failed to cite any legal authority permitting the court to modify his sentence at this late date, and the court has found none.

Because Cheek's motion was not filed by the government or made within 14 days of sentencing, it cannot be construed as a request for Rule 35 sentence correction or reduction. *See* Fed. R. Crim. P. 35; *Early*, 27 F.3d at 141. Likewise, the relief sought is not authorized by 18 U.S.C. § 3582(c)(2) because the request is not premised on a retroactive amendment to the United States Sentencing Guidelines. *See Early*, 27 F.3d at 142; *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009) (holding that § 3582(c)(2) permits discretionary modification of defendant's sentence in certain cases where sentencing range has been subsequently lowered by Sentencing

Commission); U.S.S.G. § 1B1.10(a).

Moreover, § 401 of the First Step Act does not apply to Cheek. While § 401 changed both the length of certain drug mandatory minimum penalties and the types of prior offenses that can trigger enhanced penalties under 21 U.S.C. § 851, Cheek was not sentenced for a drug offense or subjected to enhanced penalties under § 851. Further, to the extent he is relying on § 403, there was no stacking of gun offenses under 18 U.S.C. § 924(c)(1)(C), and, thus, it has no bearing on his case. Additionally, the revisions in §§ 401 and 403 are not retroactive, and they apply only to defendants sentenced after December 20, 2018.

Even liberally construing the motion to reduce sentence to seek § 2255 relief, the court lacks jurisdiction to consider the request because Cheek has not received permission from the court of appeals to file a successive § 2255 motion. *See* 28 U.S.C. §§ 2255(h) and 2244(b) (limiting circumstances under which defendant may file successive application); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (holding § 2244(b)(3)(A) constitutes a jurisdictional bar unless court of appeals has first granted permission to file successive motion).

III

Accordingly, the court denies Cheek's motions to reduce sentence and for leave to proceed *in forma pauperis* and prospectively certifies that any appeal of this memorandum opinion and order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support, the court finds that any appeal would present no legal point of arguable merit and would therefore be frivolous. If Cheek files an appeal, he may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit. *See* Fed. R. App. P. 24(a)(5).

Treating Cheek's motion as a successive § 2255 motion, the motion is dismissed without prejudice for lack of jurisdiction and for failure to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 motion. *See* 28 U.S.C. §§ 2255(h) & 2244(b)(3); 28 U.S.C. § 1631. Pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The clerk of court is directed to open for indexing purposes a new § 2255 motion to vacate sentence (nature of suit 510, assigned to the same district judge and magistrate judge as this case) and to close the same on the basis of this order.

**SO ORDERED**.

May 10, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE